## 13736. SMITH v. THE STATE.

Failure to charge the jury on the law of mutual combat was not error under the evidence and the defendant's statement at the trial.

A conviction of assault with intent to murder was authorized.

DECIDED JULY 25, 1922. REHEARING DENIED SEPTEMBER 26, 1922.

Conviction of assault with intent to murder; from Fulton superior court — Judge Humphries. May 24, 1922.

Application for certiorari was denied by the Supreme Court.

*Len. B. Guillebeau,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J. This court finds no error in any of the special grounds of the motion for a new trial. The instructions to the jury were clear and correct, and covered every issue in the case. In his order overruling the motion for a new trial the judge said: "One of the grounds of the motion for new trial is the failure of the court to charge the law of mutual combat. In mutual combat both parties are at fault and each intends to fight the other. . . The evidence for the State was to the effect that the defendant was the assailant, . . that he resented the efforts of the person alleged to have been assaulted, as a peacemaker between the defendant and another, whom he had wrongfully assaulted and struck, and attacked the person alleged to have been assaulted, without justification. The defendant denied any assault whatever upon the person alleged to have been assaulted. These were the issues that went to the jury. They seemed to have been submitted fully and clearly. The jury resolved the issues against the defendant, and the evidence warranted the verdict." We think this view of the case is correct and that a new trial was properly refused.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*